†CITY OF DEFIANCE v. WILHELM.

1. DUTY TO KEEP STREETS AND PUBLIC WAYS IN A SAFE CONDITION.

A municipal corporation is, under the provisions of section 2640, Revised Statutes, required to keep the streets and public ways in a safe condition, free from obstructions and nuisances; and if it neglect that duty, and a citizen is injured without fault on his part, the corporation is liable.

2. DUTY OF ABUTTING LOT OWNER TO KEEP PUBLIC WAYS IN SAFE CONDITION.

It is not the duty of a private person, who owns a lot abutting on a public way in a municipal corporation, to keep such public way in a safe condition, and such owner is not liable in damages for a mere omission on his part to repair and keep the streets or walks in a safe condition for public travel, either in the first instance to the party injured, or, in the second place, to the municipal corporations which has been required to compensate the injury.

ERROR to the Court of Common Pleas of Defiance county.

DAY, J.

It appears from the record of the case that the plaintiff filed an amended petition setting forth facts upon which it based a right of recovery, over, against the defendant. A general demurrer was interposed, and sustained by the court, and the plaintiff not desiring to amend the petition, or further plead, the court dismissed the case and entered judgment for costs against the plaintiff. This action of the court is complained of and is sought to be reversed by a proceeding in error in this court. The single question presented is: Did the court of common

†Reversed by Supreme Court, opinion 58 O. S., 56.

pleas err in sustaining the demurrer to the amended petition? The facts stated in the amended petition are, in substance, as follows: One Martha L. Sammis was injured on a sidewalk of a street of the city upon which defendant's lots abut, by reason of a defective and dangerous place in said walk; that she brought suit against the city on account of such injury, and recovered a judgment of some $1,500 as damages therefor, which judgment, and the costs accruing, the city has discharged and paid; that defendant, as owner of said abutting lot, assumed and was charged with the duty of constructing a safe and proper walk along said abutting lot, and did construct a walk there, but did it unskillfully and carelessly, wrongfully using unfit and defective material, so that, in fact, he created a defective and dangerous place in the public way, and negligently and wrongfully omitted and failed to guard or give notice of said dangerous place, by light or other signal of danger, or otherwise, by reason of which wrong and negligent acts and conduct of defendant, the injury to Mrs. Sammis, for which the city was required to respond, was occasioned. The prayer was for a judgment over against the defendant.

The law touching the liability of municipal corporations, and of individuals, for injuries resulting from a failure to discharge a duty, is well settled by the repeated adjudications, and there can be and is very little, if any, difference of opinion among lawyers as to what the law is. Counsel for defendant in his statement of his view of the law on this subject, is, in the main, if not entirely, accurate. A municipal corporation is, by statute, section 2640, Revised Statutes, required to keep streets and public ways in a safe condition, free from obstructions and nuisance; and if it neglect that duty, and a citizen is injured without fault on his part, the corporation is liable. This rule does not obtain as to owners of lots abutting on a public way. Such owner is not charged by the law, with a duty of keeping the public way in a safe condition, and is not liable in damages for a mere omission on his part to repair and keep the streets or walks in safe condition for public travel. The abutting lot may be, and is, liable to a certain extent, for the cost and expense of improving and repairing the public way, but there is no duty resting on, or liability against, the owner, other than such cost and expense, merely because he is the owner of an abutting lot. It is believed, on reason and authority, that for a passive omission to repair the public way, and keep it in a safe condition for public use, a private person cannot be held to respond in damages for an injury resulting from an obstructed and unsafe condition of the way, either in the first instance to the party injured, or, in the second place, to the municipal corporation which has been required to compensate the injury. This is the purport and extent of the holding of this court in the case of Sammis v. Wilhelm, reported in 6 C. C. Rep., 565, and referred to by counsel for defendant as settling the case. We have no occasion to quarrel with the holding in that case. Judge Seney is still found dissenting to the doctrine promulgated there, but the majority of the court now, as then, approves the decision. But we think that case, and the one now under consideration, is easily distinguishable. The facts of the two cases are not similar: In that case the defendant was only charged with passive conduct. It was said he omitted to keep the sidewalk in repair and safe, and Mrs. Sammis was injured by reason of it. It was also said that, "then and there and for a long time prior thereto, it had been the duty of defendant to keep said sidewalk in safe condition." This last statement was regarded as a conclusion of law,

and not the statement of a fact, and the court very properly, upon the facts stated, held defendant was not liable, and sustained a demurrer to the petition. The allegations of fact in the case under consideration are entirely different. It is charged the defendant was active in the matter; that he assumed the duty of repairing the walk and engaged in the work of repair; that he negligently and wrongfully used defective material, and unskillfully performed the work of repair, and by his pernicious activity, affirmatively succeeded in creating and erecting an unsafe and dangerous place, and carelessly left it unguarded, by reason of which active wrong Mrs. Sammis was injured. Under that state of fact, clearly established, defendant would be liable to the injured party, without regard to the fact of ownership or non-ownership of abutting property, and whether the duty requiring him to exercise and use ordinary care was cast upon him by express provisions of the statute or otherwise. He would stand upon the plane of every other active wrong-doer—every other careless and negligent person—and be made to respond in damages for injuries resulting from his wrongful acts and conduct. In such case, we think, he would be liable directly to the injured person, and if the municipality by reason of the duty imposed by statute is first called upon to make compensation to the injured person, it would be entitled to a judgment over against the person who was the prime cause of the injury

The sustaining of the demurrer to the amended petition was error for which the judgment of the common pleas is reversed, with costs. This court overrules the demurrer, and remands the case to the common pleas for further proceeding according to law.

PRICE, J., concurs.

SENEY, J., dissents.

*E. Laity*, City Solicitor, for Plaintiff in Error.

*H. Newbegin*, for Defendant.